UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

DAVID PERRY,
    Plaintiff.

    v.

DARTMOUTH-HITCHCOCK, DARTMOUTH-
HITCHCOCK CLINIC, DARTMOUTH-
HITCHCOCK ALLIANCE, all d/b/a
DARTMOUTH HITCHCOCK MEDICAL
CENTER, ANNE EVANS, ARNP., AND DAVID
BERK, M.D.
    Defendants.

No. 2:08-cv-120



## COMPLAINT INCLUDING JURISDICTIONAL STATEMENT

NOW COMES David Perry and hereby complains as follows:

### Jurisdictional Statement

1.    David Perry is resident of the Town of West Rutland, in Rutland County Vermont.

2.    Dartmouth Hitchcock Medical Center does business under a variety of names and is a New Hampshire Domestic Non Profit Corporation, with its principal place of business operation in Lebanon, New Hampshire. It has three registered non-profit corporations listed as Dartmouth-Hitchcock Clinic, Dartmouth-Hitchcock, Dartmouth Hitchcock Alliance, all with the same address listed with the New Hampshire Secretary of State. Upon information and belief, all named entities do business as the Dartmouth-Hitchcock Medical Center.

3.    Upon information and belief, David Berk, M.D., and Anne Evans, ARNP., are employees or agents of one of the above named entities.

4.    Plaintiff invokes the District Court's authority under 28 U.S.C. § 1332 (diversity of

LAW OFFICES OF
ABATIELL
ASSOCIATES, P.C.
ONE JUSTICE SQUARE
RUTLAND, VERMONT
05701
(802) 775-2508

1

citizenship between Dartmouth-Hitchcock and plaintiff), and to the extent necessary, 28

U.S.C. § 1367(a) (individual defendants are included in diversity action if part of the

"same case and controversy").  The amount in controversy exceeds $75,000. Damages

include medicals bills totaling more than $80,105.72. In addition, plaintiff has suffered

economic damages for lost wages totaling $7,000 to $10,000.

### Complaint

5.  Perry had an initial consultation with Dr. Berk at the Gastroenterology and Hepatology

Department/Liver Clinic in March of 2006, and started treatment in August 2006.

6.  After treatment began, Perry's hemoglobin count began dropping and Perry had become

anemic. Anemia is a typical reaction to the drugs used for treatment, but life-threatening

anemia is not.

7.  From August 12 to September 1, 2006 Perry's hemoglobin dropped to critical levels.

8.  Dr. Berk and his staff were fully aware and apprised of Perry's condition throughout the

month of August.

9.  When faced with a dropping hemoglobin count, Dr. Berk and his staff failed to take

proper preventative action, and their conduct fell below the standards of care. Even at the

end of August when Perry's hemoglobin count reached critical levels, Perry's condition

was ignored–they only told him to get new lab work done in a week.  Dr. Berk and Anne

Evans were negligent in their care for the plaintiff.

10.  As a result of their negligence Perry almost died, and spent two weeks in the Dartmouth

Hitchcock Medical Center. He received numerous blood transfusions. After the hospital

stay, Perry underwent months of aftercare. Perry was out of work for three or so months,

LAW OFFICES OF
ABATIELL
ASSOCIATES, P.C.
ONE JUSTICE SQUARE
RUTLAND, VERMONT
05701
(802) 775-2508

2

and after that was then only able to work for three or so months part time.

11.    Plaintiff retained an expert, Raymond Koff, M.D., who opined that Perry's care givers exercised poor judgement given the facts and circumstances of the case, and that their conduct constituted a breach of the standards of care.

12.    The defendants' breach of the standards of care directly and proximately caused Perry's injuries.

13.    Dr. Berk also acted without Perry's consent in giving him higher than standard doses of prescribed drugs.

### Count One-Medical Malpractice Against Dr. Berk

14.    Plaintiff realleges all previous allegations as though each were more fully set forth herein.

15.    Dr. Berk had a duty to care for the plaintiff.

16.    Dr. Berk lacked, or failed to exercise the standard degree of skill required, or failed to provide the degree of care required.

17.    That lack of skill and/or care directly caused the plaintiff to suffer injuries and damages.

### Count Two-Negligence

18.    Plaintiff realleges all previous allegations as though each is more fully set forth herein.

19.    Dr. Berk had a duty to properly supervise the nurses at the liver clinic, and upon information and belief, breached that duty by failing to do so.

20.    That breach of care and negligent supervision directly caused the plaintiff to suffer injuries and damages.

### Count Three-Lack of Consent

21.    Plaintiff realleges all previous allegations as though each were more fully set forth herein.

LAW OFFICES OF
ABATIELL
ASSOCIATES, P.C.
ONE JUSTICE SQUARE
RUTLAND, VERMONT
05701
(802) 775-2508

3

22.  Upon information and belief, Dr. Berk treated the plaintiff with experimentally high doses of drugs without his full understanding and consent.

23.  These high doses were above recommended levels issued by the drug makers.

24.  That treatment, and lack of consent therefore, caused the plaintiff to suffer injuries and damages.

**Count Four-Medical Malpractice/Negligence Against Anne Evans, ARNP.**

25.  Plaintiff realleges all previous allegations as though each were more fully set forth herein.

26.  Anne Evans, ARNP., had a duty to care for the plaintiff.

27.  Evans lacked, or failed to exercise the standard degree of skill required, or failed to provide the degree of care required.

28.  That lack of skill and/or care directly caused the plaintiff to suffer injuries and damages.

**Count Five-Vicarious Liability Against Corporate Defendants**

29.  Plaintiff realleges all previous allegations as though each were more fully set forth herein.

30.  Upon information and belief, all entities named as defendants herein employ the individual defendants and all are vicariously liable for their negligence under the doctrine of respondeat superior. In addition, all corporations are liable to the plaintiff under agency theories.

31.  These corporate defendants knew, or should have known, that Dr. Berk was treating patients with experimental dosages of drugs above the manufacturers recommendations, and that injuries would likely occur as a result of such treatment. These corporations were also negligent in failing to supervise Dr. Berk.

32.  These corporations are liable for the plaintiff's damages.

LAW OFFICES OF
ABATIELL
ASSOCIATES, P.C.
ONE JUSTICE SQUARE
RUTLAND, VERMONT
05701
(802) 775-2508

4

WHEREFORE the plaintiff demands all damages that are just and equitable, including but not limited to compensatory damages, restitution, punitive damages, pain and suffering, economic damages, costs, and interest.

Dated at the City of Rutland, VT this 29th day of May, 2008.

ABATIELL ASSOCIATES, P.C.

Matthew S. Branchaud, Esq.
Attorney for the Plaintiff
1 Justice Square
Rutland, VT 05701
(802)775-2508

LAW OFFICES OF
ABATIELL
ASSOCIATES, P.C.
ONE JUSTICE SQUARE
RUTLAND, VERMONT
05701
(802) 775-2508

5